IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Sharon M.,

          Plaintiff,

  v.

Kilolo Kijakazi, Acting Commissioner of
Social Security,

          Defendant.

Case No. 2:21-cv-3957

## Opinion and Order

Plaintiff Sharon M. brings this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of Social Security denying her application for supplemental security income. This matter is before the Court for consideration of the plaintiff's objection to the Magistrate Judge's Report and Recommendation in which she recommended that the Court affirm the Commissioner's decision.

For the reasons stated below, the Court overrules plaintiff's objection and adopts the Magistrate Judge's Report and Recommendation.

**I.    Background**

Plaintiff has previously filed numerous applications for benefits, which have resulted in three cases in this Court. Plaintiff filed her current application for supplemental security income on June 30, 2016. She alleged, as she had before, the existence of a disability beginning on July 19, 2004. The Administrative Law Judge (ALJ) issued a decision denying plaintiff's application for benefits on December 6, 2018. Following the denial of plaintiff's request for review by the Appeals Council, plaintiff appealed the Commissioner's final decision to this Court. Upon a Joint Motion for Remand, this Court remanded the case to the Commissioner. On remand, the ALJ again denied plaintiff's application in an April 13, 2021 decision. She then filed this action seeking review of the ALJ's decision.

The ALJ determined that plaintiff suffered from the following severe impairments: asthma, obesity, diabetes mellitus, osteoarthritis of the right knee, left foot tendonitis, degenerative disc disease and spondylosis of the lumbar spine, bilateral sacroiliitis, peripheral neuropathy, depressive disorder, mood disorder, and anxiety, and obstructive sleep apnea. However, the ALJ found that

1

none of plaintiff's impairments, either singly or in combination, met or medically equaled a listed impairment.

As to plaintiff's residual functional capacity (RFC), the ALJ found:

[Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can stand and/or walk for four hours in an eight-hour workday.  She can sit for six hours in an eight-hour workday.  She can never crawl or climb ladders, ropes, and scaffolds.  She can frequently balance, occasionally stoop, kneel, crouch, and climb ramps and stairs.  She cannot have more than incidental exposure to pulmonary irritants such as fumes, odors, dusts, or gases.  She should avoid the use hazardous machinery.  She cannot be exposed to unprotected heights.  She can work in a static environment; she can work in a low stress job, which is defined as only occasional changes and occasional decision-making in the workplace setting.  She can tolerate goal-based work, not at a production rate pace with no strict production quotas.  Should be able to tolerate a position where routine breaks are provided every two hours but the hypothetical individual may seek flexibility in the break schedule which is defined as seeking permission to take a break a few minutes earlier or later than scheduled which may or may not be granted.

R. at 2143–44.

The ALJ determined that plaintiff has no past work history and concluded, based on a vocational expert's testimony, that plaintiff could perform light exertional jobs which exist in significant numbers in the national economy, such as a mail clerk, office helper, or storage rental clerk.  The ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, since June 30 2016.

**II.     Standard of Review**

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'"  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); 42 U.S.C. § 405(g).  "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] . . . presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the

courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III. Plaintiff's Objection

Plaintiff raises a single objection. It concerns plaintiff's need for breaks, a need which arises from her mental health impairments. Plaintiff argues that the ALJ's decision is internally inconsistent because the ALJ credited the evidence concerning plaintiff's need to have a flexible break schedule but then failed to include a limitation in the RFC determination.

The Court finds that plaintiff's objection lacks merit. The ALJ's determination of RFC expressly states: "Should be able to tolerate a position where routine breaks are provided every two hours but the hypothetical individual may seek flexibility in the break schedule which is defined as seeking permission to take a break a few minutes earlier or later than scheduled which may or may not be granted." R. at 2143–44.

Plaintiff contends that the ALJ's definition of flexibility is not meaningful. The Magistrate Judge considered that argument and addressed it at length. Doc. 12 at PAGEID 2722–2727. The Magistrate Judge found that even if plaintiff is correct, "this does not amount to error, given that the ALJ found 'no evidence . . . that [Plaintiff] requires breaks outside of routine breaks . . . [,]' and that conclusion is supported by substantial evidence." Doc. 12 at PAGEID 2722 (quoting R. at 2151). The Magistrate Judge then detailed the ALJ's review of the evidence concerning plaintiff's "moderately limited ability to maintain attention and concentration for extended periods." *Id.* at PAGEID 2723 (discussing the psychological consultant's opinion that plaintiff could work in a setting where there was "some flexibility [] provided as to the scheduling of breaks"). The Magistrate Judge concluded, "[T]he ALJ thought the evidence demonstrated Plaintiff needed only routine breaks, and the RFC provided just that: routine breaks every two hours. Because the ALJ relied upon substantial evidence in the record to support that conclusion, and the Court is able to trace the path of her reasoning, remand is not appropriate." *Id.* at PAGEID 2726.

Upon *de novo* review, the Court concurs with the Magistrate Judge.

**IV.     Conclusion**

For the reasons stated above, the Court overrules plaintiff's objections (doc. 13) and adopts and affirms the Magistrate Judge's Report and Recommendation (doc. 12).  The decision of the Commissioner is affirmed, and the Clerk of Court is directed to enter final judgment in this matter.

Date: September 29, 2022                                                   s/ James L. Graham
                                                                                                                           James L. Graham
                                                                                                                           United States District Judge